ANDREW H. FREIFELD, ESQ.<br>
P.O. BOX 3196<br>
NEW YORK, NEW YORK 10008<br>
TEL: 917-553-6030<br>
E-MAIL: ANDREW.FREIFELD@YAHOO.COM

February 11, 2024

Hon. John P. Cronan, *USDJ*
U.S. District Court for the Southern
   District of New York
500 Pearl St
New York, New York 10007-1312

*The request for leave to file the confidential appendix under seal is granted.*

*SO ORDERED.*
*February 12, 2024*
*New York, New York*

_____
JOHN P. CRONAN
United States District Judge

Re: <u>United States v. Douglas McLarty</u>, 15-cr-95-JPC-3 (SDNY)

Dear Judge Cronan:

    I am counsel to Douglas McLarty here. We plan to soon file a motion pursuant to 28 USC § 2255(a), to vacate, set aside or correct the sentence imposed herein on February 7, 2023, on ineffective assistance of counsel grounds.

    I am also counsel to McLarty in *United States v. McLarty*, # 22-1984-cr (2d Cir.), an appeal of the judgment entered by Judge Gardephe in *United States v. McLarty,* Dkt. # 15-cr-593-PGG (SDNY) on September 8, 2022. On July 6, 2023, as part of that appeal, we filed a four-volume appendix, with volumes 2, 3 and 4 filed under seal (the "confidential appendix"). (2d Cir., ECF Nos. 52-54)

    I write seeking leave from your Honor to file under seal here the confidential appendix (further described *infra*) that we filed with the Second Circuit. Please note that it appears that the § 2255 motion must be filed by February 22, 2024, so time on the instant application is somewhat of the essence. We are grateful for the Court's consideration. The background follows.

    On April 26, 2022, in *United States v. McLarty*, Dkt. # 21-cr-498-AT (SDNY), Judge Torres sentenced McLarty to a term of imprisonment of 115 months. On September 8, 2022, in *United States v. McLarty*, Dkt. # 15-cr-593-PGG (SDNY), based on a violation of McLarty's supervised release, Judge Gardephe sentenced McLarty to a term of imprisonment of 18 months to run consecutive to the term of imprisonment imposed by Judge Torres in # 21-cr-498-AT. McLarty filed a timely notice of appeal on each of the cases.

    Attorney Anthony L. Ricco represented McLarty on those cases. On June 26, 2022, in connection with the sentencing under # 15-cr-593, attorney Ricco submitted to the district court under seal: (i) a sentencing letter dated June 26, 2022, with attachments, which consist of (ii) counsel's unredacted sentencing letter submitted under seal on or about March 2, 2022 in # 21-cr-498, with its attached exhibits, which consist of (iii) a neuropsychological evaluation of McLarty rendered May 30, 2018 (Exhibit A), (iii) records of the City of New York Administration for

Hon. John P. Cronan, *USDJ*
February 11, 2024
Page 2 of 3

Children's Services relating to McLarty (Exhibit B), and (iv) records of the New York State Office of Children and Family Services relating to McLarty (Exhibit C, Parts I and II).

The confidential appendix that is the subject of this application, which was filed with the Second Circuit, consists of the entirety of attorney Ricco's June 26, 2022, filing and no more.

On September 12, 2022, this Court appointed Louis V. Fasulo to represent McLarty here in connection with charges that McLarty had violated the terms of his supervised release. At a hearing on December 8, 2022, McLarty admitted the violation and the matter was adjourned for sentencing. The transcript of the hearing includes this colloquy:

> MR: FASULO: The defense plans to -- I don't know if the Court has -- but the defense plans to also file again what's already been filed in Judge Gardephe's court presented by Tony Rico (sic), a whole forensic analysis of Mr. McLarty that I think be helpful for the Court. It was filed under seal there, so I'm going to ask that it be filed under seal here, and I'll supplement papers.
>
> THE COURT: In (sic) the off chance that we were going to proceed with sentencing today, I've reviewed the files to Judge Gardephe's case. I obviously was not able to review that, so I would appreciate you filing it, and you may file it under seal.
>
> MR. FASULO: Thank you.

(ECF No. 3440, at p. 22) However, based on the following, it appears that counsel never filed the forensic report as promised. First, the docket doesn't reflect the filing. Second, neither counsel's nor the government's sentencing memorandum (ECF Nos. 3447, 3449) mentions the filing. Finally, the forensic report is not included in the list of documents that your Honor stated at sentencing that the Court had reviewed. (ECF No. 3457, pp. 3-4)

In his sentencing memorandum (ECF No 3447), and at sentencing (ECF No 3457), counsel asked this Court to sentence McLarty to 18 months' imprisonment, to run concurrently with the sentence of 18 months' imprisonment imposed by Judge Gardephe under # 15-cr-593. At sentencing on February 7, 2023, the court sentenced McLarty as counsel had requested. (ECF No. 3457, pp. 21-22; ECF No. 3451, p. 2) No appeal was filed.

We maintain that for purposes of *Strickland v. Washington*, 466 US 668 (1984), attorney Fasulo's request was professionally unreasonable, and that McLarty suffered prejudice. Counsel should have requested, as attorney Ricco did before Judge Gardephe, that the sentence run concurrently with the sentence imposed by Judge Torres under # 21-cr-498.

Hon. John P. Cronan, *USDJ*
February 11, 2024
<u>Page 3 of 3</u>

  Indeed, we maintain that by conceding that the sentence should run concurrent to the sentence imposed by Judge Gardephe in # 15-cr-593, counsel virtually ended any chance that McLarty may have had to serve less than 133 months on these three cases.[1]

  The government may argue that to satisfy the prejudice prong under *Strickland*, McLarty must show a likelihood that but for what we claim was counsel's negligent request, this Court would not have run the sentence concurrent to the sentence imposed by Judge Gardephe under # 15-cr-593. *See United States v. Workman*, 100 F. 3d 915, 920 (2d Cir. 1997). Among other responses, we maintain that the contents of the confidential appendix, had they been before the Court, along with counsel's request that the sentence run concurrent to the sentence imposed by Judge Torres in # 21-cr-498, would have persuaded your Honor not to run the sentence concurrent with the sentence imposed by Judge Gardephe under # 15-cr-593.

  For these reasons, the Court should grant McLarty leave to file here under seal the confidential appendix that McLarty filed with the Second Circuit in *United States v. McLarty*, # 22-1984-cr (2d Cir.) on July 6, 2023. Again, thank you for your consideration.

                Respectfully submitted,

                Andrew Freifeld

cc:  AUSA Mitzi Steiner, U.S. Attorney's Office for the SDNY

---

[1] The appeals McClarty filed of the judgments entered in 2022 under ## 21-498 and 15-cr-593 remain *sub judice*. While the appeal waiver that McLarty executed under # 21-cr-498 leaves him little chance of seeing that sentence reduced (his counsel has filed an *Anders* brief), McLarty's appeal under # 15-cr-593 bears no such hindrance. Indeed, McLarty urged on the appeal of # 15-cr-593 that the sentence imposed by Judge Gardephe was procedurally and substantively unreasonable. (2d Cir. # 22-1984, ECF No. 50) Still, even if the Second Circuit agrees -- and McLarty's sentence on # 15-cr-593 is therefore ordered to run concurrently with the sentence imposed under # 21-498, the modification would not reduce the 133 months in light of the sentence imposed here. (Thus, McClarty's hope to serve less than 133 months must of necessity be pinned to the § 2255 motion soon-to-be-filed here.)