UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
UNITED STATES OF AMERICA,                                              :
                                                                       :
                                                                       :
                                                                       :
            -v-                                                        :   15 Cr. 95-3 (JPC)
                                                                       :   24 Civ. 1353 (JPC)
DOUGLAS MCLARTY,                                                       :
                                                                       :   OPINION AND ORDER
                        Defendant.                                     :
                                                                       :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On June 2, 2021, while serving two concurrent terms of supervised release, including one in this case, Defendant Douglas McLarty was again arrested and indicted in this District. He subsequently pleaded guilty to conspiracy to commit Hobbs Act robbery and was sentenced principally to 115 months in prison. He then admitted a violation of each of his terms of supervised release. Both supervised release violations led to eighteen-month custodial sentences, with the sentence imposed in this case to run concurrently with the other. McLarty now moves under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence in this case, arguing that his former attorney, Louis Fasulo, Esq., deprived him of the effective assistance of counsel by not arguing that the sentence should also be concurrent to the 115-month sentence. For reasons that follow, McLarty's motion is denied under the concurrent sentence doctrine and, alternatively, for failure to establish a reasonable probability of prejudice from any supposed deficient performance of his former counsel.

## I. Background

McLarty has been charged and convicted in a series of separate criminal cases in this District over the past ten years.

On August 27, 2015, McLarty was indicted for conspiracy to possess a firearm after a felony conviction, possessing a firearm in a school zone, and possessing a firearm subsequent to a felony conviction. *United States v. McLarty*, No. 15 Cr. 593 (PGG) (S.D.N.Y.), Dkt. 13. On January 12, 2016, McLarty pleaded guilty before the Honorable Paul G. Gardephe to possessing a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1). *Id.*, Dkt. 33. And on September 16, 2016, Judge Gardephe sentenced McLarty to seventy-eight months' imprisonment, followed by three years of supervised release. *Id.*, Dkt. 62; *see id.*, Minute Entry, Sept. 16, 2016.

On April 27, 2016, while McLarty was in custody serving that sentence, he was charged in a superseding indictment in the instant case with various counts stemming from his alleged membership in "Big Money Bosses," or "BMB," a street gang that operated in the Bronx. Dkt. 97.[1]  On January 4, 2017, McLarty had a change-of-plea hearing before the Honorable Henry B. Pitman, at which McLarty allocuted to participating in a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d). Minute Entry, Jan. 4, 2017. On January 12, 2017, the Honorable Alison J. Nathan accepted McLarty's guilty plea. Dkt. 964. On November 6, 2018, Judge Nathan sentenced McLarty to 151 months' imprisonment, but adjusted the sentence for the 111 months he had served for relevant conduct, resulting in a sentence of forty months' imprisonment, to run concurrently with the seventy-eight month sentence in No. 15 Cr. 593, followed by a three-year term of supervised release. Dkts. 2438 (judgment of conviction), 2477 (sentencing transcript) at 38:22-39:9.

McLarty's two concurrent terms of supervised release commenced on June 1, 2021. *McLarty*, No. 15 Cr. 593, Dkt. 78 at 28:9-11. The next day, on June 2, 2021, McLarty was arrested

---

[1] Except where otherwise indicated, all docket citations refer to the docket in the underlying criminal matter, *United States v. McLarty*, No. 15 Cr. 95 (JPC) (S.D.N.Y.).

as part of a Drug Enforcement Administration investigation when two semi-automatic pistols and a knife were recovered from his vehicle. *Id.* at 28:12-29:23. For this conduct, McLarty was indicted in a third case with, among other charges, conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951, and he ultimately pleaded guilty before the Honorable Analisa Torres to committing that offense. *United States v. McLarty*, No. 21 Cr. 498 (AT) (S.D.N.Y.), Dkts. 11, 51. On April 26, 2022, Judge Torres sentenced McLarty to 115 months' imprisonment, followed by three years of supervised release. *Id.*, Dkts. 80, 82.

On June 23, 2021, the Probation Office submitted a violation report in both this case (No. 15 Cr. 95) and the case before Judge Gardephe (No. 15 Cr. 593), alleging that McLarty had committed three violations of supervised release. No. 15 Cr. 593, Dkt. 78 at 5:3-23; Minute Entry, Oct. 6, 2022. These alleged violations were based on the same conduct that gave rise to the charges against McLarty in No. 21 Cr. 498. Supervised release proceedings then occurred before Judge Gardephe and the undersigned.[2]

On August 19, 2022, at a proceeding before Judge Gardephe in No. 15 Cr. 593, McLarty admitted Specification One, which was committing the federal crime of conspiracy to commit Hobbs Act robbery while on supervised release. *McLarty*, No. 15 Cr. 593, Dkt. 78 at 11:5-7. Judge Gardephe sentenced McLarty for that violation during the same proceeding. McLarty's counsel, Anthony Ricco, Esq., argued that McLarty's sentence should run concurrently with the sentence imposed by Judge Torres in No. 21 Cr. 498, while acknowledging that "[u]sually supervised release violations are consecutive to the underlying offense." *Id.* at 16:16-21. Judge

---

[2] On April 1, 2022, this case was transferred from Judge Nathan to the undersigned. *See* Notice of Case Reassignment, dated Apr. 1, 2022.

3

Gardephe revoked McLarty's term of supervised release and sentenced him to eighteen months' imprisonment, to run consecutively to the sentence imposed in No. 21 Cr. 498. *Id.* at 31:3-12.

On December 8, 2022, McLarty similarly admitted Specification One—which likewise alleged that he committed the federal crime of conspiracy to commit Hobbs Act robbery while on supervised release—in a proceeding in No. 15 Cr. 95 before the undersigned. Dkt. 3440 at 20:14-16. After receiving submissions from the parties, this Court held sentencing for that violation on February 7, 2023. At sentencing, McLarty's counsel, Mr. Fasulo,[3] advocated for a sentence concurrent with the one imposed by Judge Gardephe in No. 15 Cr. 593. Dkt. 3457 ("Sentencing Tr.") at 14:8-12. The undersigned revoked McLarty's term of supervised release and sentenced him to eighteen months' imprisonment, to run consecutively to the sentence imposed by Judge Torres in No. 21 Cr. 498 and concurrently with the sentence imposed by Judge Gardephe in No. 15 Cr. 593. *Id.* at 21:22-22:4; Dkt. 3451.

Prior to the sentencing in this case, McLarty had appealed Judge Torres's sentence in No. 21 Cr. 498 and Judge Gardephe's sentence in 15 Cr. 593. On February 21, 2024—after sentence was imposed in this case, but before the Second Circuit ruled on McLarty's two appeals—McLarty filed the instant Section 2255 motion, claiming ineffective assistance of counsel. Dkt. 3529 ("Motion"). McLarty criticizes Mr. Fasulo for failing to make various arguments at sentencing and contends that it was unreasonable and prejudicial error for Mr. Fasulo to not advocate for his violation of supervised release sentence in this case to run concurrently with the sentence imposed by Judge Torres in No. 21 Cr. 498. *Id.* at 20-24. On December 2, 2024, the Government filed its opposition to McLarty's Section 2255 motion. Dkt. 3563 ("Opposition"). Since McLarty filed

---

[3] On September 12, 2022, this Court appointed Mr. Fasulo as counsel to represent McLarty in connection with the violation of supervised release proceeding in No. 15 Cr. 95. Dkt. 3408.

4

his Section 2255 motion, the Second Circuit has resolved both of his appeals, affirming the judgment entered by Judge Gardephe in No. 15 Cr. 593, *United States v. McLarty*, No. 22-1984, 2024 WL 3219488 (2d Cir. June 28, 2024), and dismissing in part McLarty's appeal of Judge Torres's sentence in 21 Cr. 498 as barred by the appellate waiver in McLarty's plea agreement and affirming the balance of the judgment, *McLarty*, No. 21 Cr. 498, Dkt. 127.

## II. Legal Standard

Under 28 U.S.C. § 2255(a), a prisoner in custody for a federal sentence may move for his sentence to be vacated, set aside, or corrected on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." The prisoner may gain such relief "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)); *accord Lanier v. United States*, Nos. 15 Cr. 537 (VEC), 23 Civ. 4939 (VEC), 2024 WL 1715236, at *2 (S.D.N.Y. Apr. 22, 2024).

In resolving a motion under Section 2255, the district court must hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Gonzalez v. United States*, 722 F.3d 118, 130 (2d Cir. 2013). "To warrant a hearing, the motion must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle him to relief." *Gonzalez*, 722 F.3d at 131. In this case, and for reasons that follow, the Court determines that "[t]he combined submissions of the parties provide a sufficient basis upon which

5

to deny the [motion], and the Court concludes that a full testimonial evidentiary hearing would not offer any reasonable chance of altering its views on the facts alleged by [McLarty]." *Pinhasov v. United States*, Nos. 16 Civ. 7349 (KBF), 14 Cr. 670 (KBF), 2018 WL 550611, at *2 (S.D.N.Y. Jan. 22, 2018) (citing *Chang v. United States*, 250 F.3d 79, 86 (2d Cir. 2001)). An evidentiary hearing therefore is not necessary to resolve McLarty's motion. *See Camacho v. United States*, No. 13 Cr. 58 (KBF), 2018 WL 357312, at *1 n.1 (S.D.N.Y. Jan. 10, 2018) ("[T]he petition raises no factual dispute and can thus be resolved without a Government response and/or hearing.").

### III. Discussion

#### A. Concurrent Sentence Doctrine

As an initial matter, this Court need not reach the merits of McLarty's Section 2255 motion under the concurrent sentence doctrine. The concurrent sentence doctrine "allows courts, in their discretion, to avoid reaching the merits of a claim altogether in the presence of identical concurrent sentences since a ruling in the defendant's favor would not reduce the time he is required to serve or otherwise prejudice him in any way." *Kassir v. United States*, 3 F.4th 556, 561 (2d Cir. 2021) (internal quotation marks omitted). It is a "rule of judicial convenience," *id.* (quoting *Benton v. Maryland*, 395 U.S. 784, 791 (1969)), "that conserves judicial resources when, 'regardless of the outcome, the prisoner will remain in jail for the same length of time,'" *Al-'Owhali v. United States*, 36 F.4th 461, 466 (2d Cir. 2022) (quoting *Benton*, 395 U.S. at 799 (White, J., concurring)). The doctrine is "available in the context of a defendant's collateral attack on a conviction," because the "harmless-error analysis, of which the discretionary concurrent sentence doctrine is a species, applies . . . on collateral review." *Kassir*, 3 F.4th at 564. "The crux of a collateral proceeding is a challenge to the defendant's custody." *Id.* at 566. Thus, "[w]ith custody being at the center of the collateral proceeding, the prejudice required to obtain relief must ultimately relate to the

6

challenged custody." *Id.* Any error arising from the declination to review a collateral attack on a sentence or conviction would be harmless in the face of another identical concurrent sentence.

Courts "have discretion to apply the doctrine when . . . (1) the collateral challenge will have no effect on the time the prisoner must remain in custody and (2) the unreviewed conviction will not yield additional adverse collateral consequences." *Al-'Owhali*, 36 F.4th at 467. As to the first consideration, McLarty's sentence by Judge Gardephe in No. 15 Cr. 593 for violating the terms of his supervised release—which sentence is identical to the term of imprisonment imposed in this case—has been affirmed by the Second Circuit, *McLarty*, 2024 WL 3219488, and there is no other pending challenge to that sentence that would "reduce the time he is required to serve," *Kassir*, 3 F.4th at 561 (internal quotation marks omitted). Thus, even were McLarty's ineffective assistance claim in this case to have merit, the Court could not "shorten the time he will remain in prison." *Id.* at 564.

To assess whether the supervised release sentence in this case will yield additional adverse consequences, this Court examines the so-called *Vargas* factors. *See United States v. Vargas*, 615 F.2d 952, 959-60 (2d Cir. 1980); *see also Kassir*, 3 F.4th at 568 ("As has traditionally been done, courts may look to the so-called *Vargas* factors to determine whether to rely on the concurrent sentence doctrine."). Those factors examine "the effect of an unreviewed conviction on the petitioner's eligibility for parole, the future application of recidivist statutes for a future offense by the petitioner, the petitioner's credibility in future trials, the possibility of pardon, and societal stigma of a conviction." *Al-'Owhali*, 36 F.4th at 468 (internal quotation marks omitted). These considerations serve as guideposts that help a court determine "the collateral consequences" of declining to review a conviction "on the basis of the concurrent sentence doctrine, and whether

[those consequences] are of sufficient immediacy and impact to warrant its inapplicability." *Id.* (alteration adopted and internal quotation marks omitted).

Application of the *Vargas* factors reveals no "meaningful possibility" that declining to review the revocation of supervised release and subsequent sentence in this case "will subject [McLarty] to a substantial risk of adverse collateral consequences." *Id.* (internal quotation marks omitted). Leaving McLarty's sentence for violating supervised release unreviewed would not affect his eligibility for parole because "there is no parole in the federal system." *Kassir*, 3 F.4th at 568 (internal quotation marks omitted). Nor would leaving the sentence intact cause any recidivist statutes to apply, as a violation of supervised release is not a separate criminal conviction. *See United States v. Peguero*, 34 F.4th 143, 147 (2d Cir. 2022) (explaining that "there is no basis, either factually or legally, to classify a revocation of supervised release as a new 'criminal prosecution,'" in part because of the "indisputable fact[]" that "a supervised release term is a component of the initial sentence for the underlying crime"). Any diminishment to McLarty's credibility in future trials would be *de minimis*; the unreviewed judgment for violation of supervised release would not impart substantial injury to his credibility in a future trial as compared to his prior convictions for racketeering conspiracy, Hobbs Act robbery conspiracy, attempted murder,[4] and possessing a firearm following a felony conviction. *See Brown v. United States*, No. 21-1530, 2023 WL 3001239, at *2 (2d Cir. Apr. 19, 2023); *cf. United States v. Roldan-Zapata*, 916 F.2d 795, 804 (2d Cir. 1990) (discussing diminished prejudicial effect of prior act evidence that "did not involve conduct any more sensational or disturbing than the crimes with which [the

---

[4] On September 10, 2010, McLarty was adjudicated as a youthful offender following his guilty plea to attempted murder in New York Supreme Court, Bronx County, and was sentenced to three to nine years' imprisonment and a three-year order of protection was issued. Dkt. 1151 (Presentence Investigation Report) ¶¶ 40-41.

defendant] was charged"). Plus, McLarty's sentence for violating his supervised release in No. 15 Cr. 593 for the same underlying conduct has been affirmed by the Second Circuit. *McLarty*, 2024 WL 3219488. McLarty's chances of receiving a pardon, while not non-existent, would not likely be increased by vacatur of his revocation sentence in this case due to the nature and severity of his other convictions. *See Herrera v. United States*, No. 20 Civ. 2957 (LGS), 2024 WL 3088716, at *2 (S.D.N.Y. June 20, 2024) (finding that the petitioner's unreviewed convictions were unlikely to affect his chances for a pardon where he still would have many remaining convictions for violent crimes in aid of racketeering). And finally, under the same rationale, any societal stigma McLarty may face as a result of his supervised release violation here pales in comparison to the stigma associated with that criminal history. *See id*; *Kassir*, 3 F.4th at 568 (finding "little ground for concern about adverse effects" from "any social stigma" associated with the unreviewed conviction in light of other serious convictions).

The Court therefore denies McLarty's Section 2255 motion under the concurrent sentence doctrine.

B.     **Ineffective Assistance of Counsel**

Alternatively, McLarty's motion accusing Mr. Fasulo of ineffective assistance fails on the merits. McLarty argues that "attorney Fasulo's decision to seek a sentence to run concurrent to the sentence imposed under [No. 15 Cr. 593], *i.e.*, his failure to seek a sentence to run concurrent to the sentence imposed under [No. 21 Cr. 498] (as attorney Ricco had in [No. 15 Cr. 593]), violated McLarty's right to the effective assistance of counsel guaranteed by the Sixth Amendment." Motion at 19 (emphasis omitted); *see also id.* at 22-24 (faulting Mr. Fasulo for failing to make various other arguments at sentencing).

9

The Sixth Amendment provides that a criminal defendant shall "have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The Supreme Court has long recognized that "the right to counsel is the right to the *effective* assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970) (emphasis added). In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court articulated the test for determining whether a criminal defendant was denied that right. "To prevail on a claim of ineffective assistance of counsel, a convicted defendant must demonstrate that: (1) counsel's performance 'fell below an objective standard of reasonableness'; and (2) 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Rosas v. Artus*, No. 05 Civ. 8440 (RJS), 2013 WL 499610, at *4 (S.D.N.Y. Jan. 29, 2013) (quoting *Strickland*, 466 U.S. at 688, 694). "The law is clear that a petitioner challenging his conviction on the grounds of ineffective assistance of counsel '[bears] the burden of proving his claim.'" *Johnson v. United States*, Nos. 15 Civ. 3956 (RJS), 11 Cr. 487 (RJS), 2018 WL 4625799, at *3 (S.D.N.Y. Sept. 26, 2018) (alteration in original) (quoting *Chang*, 250 F.3d at 86).

When assessing whether counsel's performance fell below an objective standard of reasonableness, a court "'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' bearing in mind that 'there are countless ways to provide effective assistance in any given case' and that 'even the best criminal defense attorneys would not defend a particular client in the same way.'" *United States v. Aguirre*, 912 F.2d 555, 560 (2d Cir. 1990) (alterations adopted) (quoting *Strickland*, 466 U.S. at 689). And in assessing whether McLarty was prejudiced by Mr. Fasulo's actions, McLarty bears the burden of "demonstrat[ing] that the alleged errors of his counsel so prejudiced him that but for these errors,

the result of his sentencing hearing would have been different." *United States v. Robinson*, 354 F. App'x 518, 520 (2d Cir. 2009) (citing *Strickland*, 466 U.S. at 687-96).

The Court need not decide whether Mr. Fasulo's performance at sentencing fell below an objective standard of reasonableness, because McLarty cannot show that Mr. Fasulo's supposed deficiencies resulted in a reasonable probability that his sentence otherwise would have been different. A sentencing judge has considerable discretion whether to impose a term of confinement for a violation of supervised release concurrent with or consecutive to another sentence of imprisonment imposed on a defendant. *See* 18 U.S.C. § 3584(a) ("If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt."); *United States v. Dees*, 467 F.3d 847, 851-52 (3d Cir. 2006) (explaining that the majority of circuits agree that "18 U.S.C. § 3584(a) controls and permits a district court to impose consecutive terms of imprisonment upon revocation of supervised release—even when the sentences for the underlying crimes ran concurrently").

After revoking a term of supervised release, a "court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)" impose a term of imprisonment. 18 U.S.C. § 3583(e); *see United States v. Williams*, 443 F.3d 35, 47 (2d Cir. 2006) (concluding that a court may further consider "the seriousness of his offense" in imposing a sentence for a supervised release violation). And when deciding whether to impose a term of imprisonment concurrently or consecutively, a court "shall consider . . . the factors set forth in [18 U.S.C] section 3553(a)." 18 U.S.C. § 3584(b). Section 3553(a)(5) instructs courts to

consider "any pertinent policy statement . . . issued by the Sentencing Commission."  *Id.* § 3553(a)(5).  One such policy statement is that "[a]ny term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served *consecutively* to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of . . . supervised release."  U.S.S.G. § 7B1.3(f) (emphasis added).  This makes sense.  A supervised release violation warrants punishment not just because of the conduct giving rise to the violation, but also because of the breach of the court's trust by virtue of the commission of the violation while on judicial supervision.  Indeed, the Second Circuit routinely affirms consecutive revocation sentences as reasonable.  *McLarty*, 2024 WL 3219488, at *3 (collecting cases).

"In light of this discretion"—especially considering the applicable policy statement—McLarty cannot establish a reasonable probability that this Court would have imposed a sentence to run concurrently with the sentence imposed by Judge Torres in 21 Cr. 498 "if his counsel had explicitly requested one."  *Arbomeda-Arbomeda v. United States*, No. 10 Civ. 7910 (RJH) (JLC), 2011 WL 2372252, at *5 (S.D.N.Y. June 10, 2011), *report and recommendation adopted,* 2012 WL 1429376 (S.D.N.Y. Apr. 24, 2012).  The record demonstrates that the Court "considered the sentences already imposed in this case"—including Judge Gardephe's eighteen-month sentence—as well as, among other things, the "need for the sentence to provide deterrence and protect the public from future crimes."  Sentencing Tr. at 20:12-13, 21:3-10.  The Court concluded that McLarty's crime constituted not only "very dangerous conduct," but also "reflect[ed] an abuse of trust by violating the terms of supervised release."  *Id.* at 19:17-22.  As the Second Circuit explained in affirming Judge Gardephe's sentence for McLarty's supervised release violation in No. 15 Cr. 593, "McLarty's revocation sentence was designed to sanction his breach of trust, not

the underlying robbery conspiracy, and a logical way to achieve that end was to impose consecutive sentences for the two offenses." *McLarty*, 2024 WL 3219488, at *3. The same was true for the revocation sentence imposed in this case. Given the reasoning this Court articulated at sentencing, as well as the purpose of supervised release, it is extremely unlikely that this Court would have ordered McLarty's sentence to run concurrently with the sentence imposed by Judge Torres in 21 Cr. 498 had Mr. Fasulo made such a request.

McLarty further contends that Mr. Fasulo "took the easy route," citing the following "poor choices" made at sentencing: (1) Mr. Fasulo did not provide the Court with a neuropsychological evaluation for McLarty, Motion at 22; (2) Mr. Fasulo neglected to mention that McLarty has been imprisoned for most of his life since the age of fourteen, *id.* at 23; (3) Mr. Fasulo did not point out that "Judges Torres and Gardephe had both deemed the sentence in [No. 21 Cr. 498] to be exacting, or that the Probation Office had recommended a sentence of only 72 months in the case," *id.*; (4) Mr. Fasulo did not note that the original charges in No. 15 Cr. 593 were relevant conduct to the underlying charge in this case and the Government recommended that Judge Nathan impose a concurrent sentence, *id.*; and (5) Mr. Fasulo incorrectly identified the factors under 18 U.S.C. § 3553(a)(2)(A) as proper for this Court to consider at sentencing, *id.* at 23-24. *But see Williams*, 443 F.3d at 47 (concluding that a court may consider "the seriousness of the offense" in imposing a supervised release revocation sentence). McLarty, however, makes no effort to show how Mr. Fasulo's failure to press any of these arguments resulted in prejudice. And indeed, in imposing sentence, the Court considered "the nature and circumstances of this serious and dangerous offense," the "abuse of trust" reflected by McLarty's violation of his supervised release, McLarty's "personal characteristics" including "the medical conditions and learning disabilities" discussed in a sealed submission, the need to protect the public from future crimes, McLarty's "very bad

13

criminal history" going back to the age of fourteen, and "the sentences already imposed" including the "very long sentence of 115 months" imposed by Judge Torres and Judge Gardephe's sentence of eighteen months. Sentencing Tr. at 17:8-22:12. Given this Court's articulated reasons for revoking supervised release and imposing an eighteen-month sentence to run concurrently to Judge Gardephe's sentence and consecutively to Judge Torres's sentence, there is no reasonable probability that McLarty's sentence would have been different had Mr. Fasulo made the arguments that McLarty now faults him for omitting.

McLarty thus "cannot prove the requisite level of prejudice needed to succeed on his ineffective assistance of counsel claim." *Arbomeda-Arbomeda*, 2011 WL 2372252, at *5. For this reason as well, McLarty's Section 2255 motion fails.

### IV. Conclusion

For the aforementioned reasons, McLarty's motion pursuant to Section 2255 is denied. The Clerk of Court is respectfully directed to terminate the motion pending at Docket Number 3529, and to close case number 24 Civ. 1353 (JPC). A certificate of appealability shall not issue because McLarty has not made a substantial showing of a denial of a federal right. *See Hoffler v. Bezio*, 726 F.3d 144, 154 (2d Cir. 2013).

SO ORDERED.

Dated: May 9, 2025
New York, New York

_____
JOHN P. CRONAN
United States District Judge